# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re ) | Chapter 7 |
| ) | |
| Christopher Hacker asf Source ) | Case No. 09-45742 |
| Lending Corporation, ) | |
| ) | |
| Debtor, ) | |
| ) | |
| ) | |
| State of Minnesota, by its Attorney ) | |
| General, Lori Swanson, ) | |
| ) | |
| Plaintiff and Creditor, ) | Adversary Proceeding |
| ) | No. 11-04348 |
| v. ) | |
| ) | |
| Christopher Hacker asf Source ) | |
| Lending Corporation, ) | |
| ) | |
| Defendant. ) | |

## STIPULATION AND CONSENT JUDGMENT

Plaintiff State of Minnesota, by its Attorney General, Lori Swanson ("State") and Christopher Hacker asf Source Lending Corporation ("Debtor") hereby stipulate and consent to entry of a Consent Judgment in the above-captioned matter as follows:

### I.     LAWSUIT AND ALLEGATIONS

1.1.    On October 24, 2011 the State filed a Complaint to Determine Dischargeability of Certain Debts ("Complaint") in the above-captioned matter ("Action") against Debtor.

1.2. In sum, the Complaint in this Action alleged that the State and the Debtor agreed to a Stipulation and Consent Judgment resolving a state court action ("State Court Stipulation and Consent Judgment"). The state court action is entitled *State of Minnesota, by its Attorney General, Lori Swanson v. Source Lending Corporation and Christopher Hacker, Individually*, Court File No. 27-CV-08-19803 (Henn. Co. Dist. Ct.). The state court action alleged violations of state consumer fraud, deceptive trade practices, false advertising, and mortgage broker laws.

1.3. The State Court Stipulation Consent Judgment provides permanent injunctive relief; restitution in the amount of $100,000 made payable to the State and distributed to consumer via a claims process; a stayed civil penalty of $100,000; and Debtor's agreement that the obligations under the State Court Stipulation and Consent Judgment create nondischargeable debts in bankruptcy under 11 U.S.C. § 523 or any other applicable provision.

1.4. The Complaint in this Action asks this Court to determine that the Debtor's debt owed to the State is nondischargeable under 11 U.S.C. §§ 523(a)(2), 523(a)(4), 523(a)(6), and/or 523(a)(7).

1.5. Debtor admits proper service of the Complaint in this Action and consents to the Court's jurisdiction over this Action and Debtor.

## II.    GENERAL PROVISIONS

2.1. The State and Debtor agree to and do not contest the entry of this Consent Judgment.

2.2. Debtor declares and warrants that he is authorized to enter into this Consent Judgment on behalf of himself and Source Lending Corporation. This Consent Judgment may be executed by the undersigned in counterparts, with the same effect as if the signatures on each counterpart were upon a single instrument.

2.3. Debtor has read this Consent Judgment and agrees that judgment substantially in the form set forth below may be entered immediately by the Court without further notice to the parties to this Consent Judgment.

2.4. This Consent Judgment constitutes a full and final resolution of all presently existing claims brought by the State against Debtor as described in the Complaint in this Action.

2.5. Debtor has had an opportunity to consult with legal counsel regarding the meaning and effect of this Consent Judgment.

2.6. No representations, warranties, or inducements have been made by the State to Debtor, or by Debtor to the State, concerning this Consent Judgment, other than those representations, warranties, and covenants contained herein and those provided by Debtor to the State in connection with the restitution provisions of this Consent Judgment.

2.7. If any clause, provision, or section of this Consent Judgment shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect any other clause, provision, or section of this Consent Judgment, and this Consent Judgment shall be construed and enforced as if such illegal,

invalid, or unenforceable clause, section, or other provision had not been contained herein.

2.8. Each of the parties to this Consent Judgment participated in the negotiation of this Consent Judgment, and the terms of this Consent Judgment are not intended to be construed against any of the parties by virtue of draftsmanship.

2.9. Debtor waives all right to seek judicial review of this Consent Judgment or otherwise challenge or contest the validity of this Consent Judgment.

### III. DECLARATION

3.1. Debtor's debt to the State, consisting of the restitution and stayed civil penalties as set forth in the State Court Stipulation and Consent Judgment is nondischargeable.

3.2. Debtor's current amount due to the State as set forth in the State Court Stipulation and Consent Judgment is $100,000.

| | |
|---|---|
| LORI SWANSON<br>Attorney General<br>State of Minnesota<br><br>Dated: 12/21/2011<br><br>_/s/ Ian M. Dobson_<br>IAN DOBSON<br>Assistant Attorney General<br>Atty. Reg. No. 0386644<br>445 Minnesota Street, Suite 1400<br>St. Paul, Minnesota 55101-2131<br>(651) 757-1432<br>ATTORNEYS FOR STATE OF MINNESOTA | CHRISTOPHER HACKER asf SOURCE LENDING CORPORATION<br><br>Dated: 12/15/2011<br><br>_/s/ Christopher Hacker_<br>Christopher Hacker |

4

## **ORDER**

Having reviewed the terms of this Stipulation and Consent Judgment and finding them to be reasonable and appropriate, IT IS SO ORDERED.

Dated: _____        _____
                                                                      NANCY C. DREHER
                                                                      Chief United States Bankruptcy Judge

**LET JUDGMENT BE ENTERED ACCORDINGLY.**